**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

ALOYCE NYANDWI,

Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,

Respondent.

No. 2:26-cv-03448-SHL-cgc

**ORDER GRANTING PETITION**

On October 28, 2026, Petitioner Aloyce Nyandwi filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention in the West Tennessee Detention Facility as violative of his substantive and procedural due process rights. (Id. at PageID 2–3.) He seeks immediate release from Respondent's custody. (Id. at PageID 4.) Bullock responded on November 4. (ECF No. 6.) Nyandwi replied on November 9. (ECF No. 7.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Nyandwi states that he first entered the United States in 2004, coming from Tanzania as a ten-year-old political refugee with his family. (ECF No. 1 at PageID 1.) He has lived in the U.S. since his arrival. (Id. at PageID 2.) Nyandwi gained lawful permanent resident status in 2007. (ECF No. 6 at PageID 19; ECF No. 7 at PageID 30.) In late 2015, Nyandwi was convicted of aggravated burglary and domestic assault, which resulted in his being placed in full immigration

removal proceedings. (ECF No. 6 at PageID 19–20.)

From 2016 to 2018, Nyandwi was detained in ICE custody. (ECF No. 1 at PageID 6; ECF No. 7 at PageID 31.) However, in 2018, he was released under supervision on condition that he attend ICE check-in meetings every year. (ECF No. 1 at PageID 6.) Nyandwi's 2018 release from custody and supervision reportedly occurred because his country of citizenship, the Democratic Republic of Congo, refused to confirm his citizenship or provide proof of travel documents within 6 months of him being ordered removed. (Id.) Nyandwi states that he has attended his check-ins, kept his work permit active, and has not been arrested since his 2015 convictions. (Id.)

However, on September 11, 2026, Nyandwi was detained at his place of employment and informed that his work permit renewal was denied. (Id. at PageID 7.) He has remained in ICE custody since his arrest.

## ANALYSIS

Bullock argues that Nyandwi is lawfully detained under 8 U.S.C. § 1231 because he is subject to a final order of removal. (ECF No. 6 at PageID 20.) Bullock also argues that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) to issue Nyandwi's request relief. (Id. at PageID 20–21.) Nyandwi contends that Bullock is unable to point to any authority enabling Nyandwi's re-detention without notice or any procedure to challenge the re-detention. (ECF No. 7 at PageID 32.) Nyandwi further argues that there has been no change in circumstances that would now enable the Government to effectuate his removal, which they were unable to do in 2018. (Id.)

This Court has jurisdiction for the same reasons explained in other immigration-related habeas cases. See Perez v. Bullock, No. 2:26-cv-03373-SHL-atc, 2026 WL 3275178, at *1

(W.D. Tenn. Oct. 30, 2026) (holding that 8 U.S.C. § 1252(g) does not remove jurisdiction in habeas case where a petitioner challenges his detention, as opposed to his removal). Bullock's argument that detention is proper under 8 U.S.C. § 1231 also fails.

For starters, Bullock's argument that Nyandwi's detention is permissible under Zadvydas v. Davis, 533 U.S. 678 (2001), is misplaced. (ECF No. 6 at PageID 20.) Zadvydas applies to "ICE's authority to detain in the first place upon an issuance of a final order of removal," not cases of re-detention. Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. June 20, 2025). In re-detention cases, 8 C.F.R. 241.13(i) applies. Id. Under that regulation, ICE's may re-detain an individual under two broad categories:

> (1) Any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody and is subject to the penalties described in section 243(b) of the Act
> . . .
> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.
> . . .

8 C.F.R. 241.13(i)(1)–(2).

Bullock makes no showing, or argument, that any of the conditions required under the regulations have been satisfied. All the documents submitted by Bullock date back to 2016, before Nyandwi was granted supervised release. Indeed, there is no allegation, or showing, that Nyandwi violated a condition of his supervision or that a change in circumstances will enable his removal. As such, there appears to be no legal basis for Nyandwi's detention.

Therefore, and for the reasons outlined above, Nyandwi's Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is

further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 10th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE